HATTON *v.* STOTT.

1. BREACH OF MARRIAGE PROMISE—SEDUCTION—APPEAL AND ERROR —EVIDENCE—ADMISSIBILITY.
   In an action for breach of promise of marriage accompanied by seduction, where defendant without objection testified concerning the child, and the fact that he was born was already before the jury, no error was committed in permitting plaintiff to testify to the date of his birth.

2. SAME—MISTRIAL—CONDUCT OF PLAINTIFF—INVOLUNTARY FAINTING.
   Where the trial court was convinced that plaintiff's fainting during her examination was beyond her control, there was no abuse of discretion in the denial of defendant's motion for a mistrial.

3. SAME—EVIDENCE—ADMISSION OF FRIENDLY LETTERS ALTHOUGH REMOTE NOT PREJUDICIAL.
   The admission in evidence of merely friendly letters written by defendant to plaintiff several years before they became intimate, *held*, not prejudicial to defendant.

As to measure of damages for breach of promise to marry see note in 41 L. R. A. (N. S.) 840.

4. SAME — EVIDENCE OF DEFENDANT'S WEALTH ADMISSIBLE — IN-
STRUCTIONS.

There was no error in the admission of evidence of the
value of defendant's interest in his father's estate, of
which he was to receive the income only while under 30
years of age, where the jury were carefully instructed
as to the use which they should make of said proof.

5. SAME—CONFLICTING TESTIMONY—GREAT WEIGHT OF TESTIMONY
—NEW TRIAL.

A verdict in plaintiff's favor, justified by proof offered
by her, cannot be said to be against the great weight of
the evidence, although her testimony was contradicted
by defendant.

6. SAME—EXCESSIVE VERDICT—DAMAGES.

A verdict for $35,000 in favor of plaintiff cannot be said
to be excessive, where defendant's counsel admitted that
his interest in his father's estate was worth $334,000,
although only the income was payable to him while he
was under 30 years of age.

7. SAME—ARGUMENT OF COUNSEL—TRIAL—NEW TRIAL.

Where the trial judge forcibly brought to the attention
of the jury the impropriety of the argument of plaintiff's
counsel, and neither the verdict nor the amount of damages
awarded plaintiff reflected said improper argument, the
motion for a new trial therefor was properly denied.

8. SAME—NEW TRIAL—NOT REVERSIBLE FOR NEWSPAPER PUBLICITY.

Although much publicity was given to the case by the
newspapers, where plaintiff was in no way responsible
therefor,. the jury were warned against reading or form-
ing any' opinion therefrom, and it is not apparent that the
verdict for plaintiff or its amount were influenced thereby,
and there is nothing in the record to indicate that an-
other trial relieved of the publicity complained of would
produce a different result, a new trial was properly
denied.

Error to Wayne; Dingeman (Harry J.), J.    Sub-
mitted June 16, 1922.    (Docket No. 78.)    Decided
October 2, 1922.    Rehearing denied December 5, 1922.

Case by Monica Hatton against Arthur F. Stott for

breach of promise of marriage accompanied by seduction. Judgment for plaintiff. Defendant brings error. Affirmed.

*Keena, Lightner, Oxtoby & Hanley,* for appellant.

*Edward H. Kennedy, John P. Kirk,* and *Edward H. Kennedy, Jr.,* for appellee.

SHARPE, J. Defendant by writ of error reviews a judgment for plaintiff for $35,000 damages in an action for breach of promise of marriage accompanied by seduction. A motion for a new trial for the reasons, among others, that the verdict was against the great weight of the evidence, and was excessive, was overruled. A somewhat lengthy statement of the facts therefore seems necessary.

Plaintiff and defendant became acquainted in Detroit in 1909. She was then 15 years of age and he a little older. They became fond of each other and corresponded with some frequency until 1913. They saw each other occasionally until 1915. It is plaintiff's claim that defendant proposed marriage to her in 1911 but that she declined on account of their ages. This is denied by defendant. They met quite frequently in 1915. Defendant was then employed in Detroit. He admits occasional calls upon plaintiff and automobile rides taken together. Some correspondence passed between them during a time when he was out of the city. It is her claim that defendant proposed marriage to her in July, 1915, and that she accepted him. She also claims that in September, 1916, while driving in an automobile in a secluded spot on Belle Isle, she yielded to his importunities and permitted him to have sexual intercourse with her; that her consent to the act was procured by his protestations of affection and the assurance that she "was going to be his wife some day and that it really did

not matter;" that such act was repeated several times between that date and July, 1917; that as a result thereof she became pregnant, giving birth to a child on March 28, 1918. She testified that defendant on being informed of her pregnancy promised to marry her on his return from a contemplated automobile trip; that at his request she consulted Dr. Martin several times concerning her condition. Defendant admitted advising her to consult the doctor and that he paid the doctor's bill but denied that he was informed of her pregnancy until the month of September and testified that he then advised her to inform her mother.

Plaintiff began this action on October 23, 1917. Defendant claims that in November following plaintiff informed him that she had been induced to consult an attorney and begin the suit by her mother. It appears that on September 5, 1918, plaintiff wrote a letter to defendant, prepared as she claims by him, in which she admitted that defendant had never promised to marry her or had sexual intercourse with her and she expressed her willingness to discontinue the suit. A request that discontinuance be had, prepared by defendant's counsel, was signed by her. She admits signing these papers but testifies that she did so on the assurance of defendant that they would at once be married. Other facts will be stated in considering the errors relied upon.

1. Error is assigned on the admission of testimony of the birth of the child. The defendant was the first witness called. Without objection he testified concerning the child. The fact that a child was born being before the jury, no error was committed in permitting plaintiff to testify to the date of his birth. It also appears that defendant's counsel afterwards introduced the birth certificate in evidence.

2. The record indicates that plaintiff apparently

suffered much during her examination by counsel and at one time fainted.    Defendant's counsel thereupon moved for a mistrial.    This motion was taken under advisement by the court.    He then said:

"I don't think there can be any question what happened here today was beyond her control."

The motion was afterwards overruled.    Such incidents are not infrequent during the trial of certain lawsuits.    If it be apparent that an effort is being made to prejudice the jury thereby the trial court should declare a mistrial.    The fairness evinced by the trial judge during this long and hotly contested trial justifies our reliance on the above statement made by him.    We find no abuse of discretion in the denial of the motion.    *Jolman* v. *Alberts,* 192 Mich. 365; *Gagush* v. *Hoeft,* 198 Mich. 263.

3. Letters written by defendant to plaintiff in 1910 were received in evidence.    They were simply friendly letters and their introduction could not possibly have created any prejudice against the defendant.

4. Defendant's father was a large stockholder in the David Stott Flour Mills.    He died on June 4, 1916, leaving a widow and seven children.    In his will the amount bequeathed to defendant was placed in the hands of trustees to hold until he should become 30 years of age, the income thereof to be paid to him quarterly.    The will contained no direction as to what should become of defendant's share should he die before arriving at the age of thirty.    Plaintiff was permitted to offer proof of the value of the David Stott estate and defendant's interest therein.    The use which the jury should make of this proof was very carefully guarded by instructions given at the request of defendant's counsel.    We find no error in its admission.

5. Was the verdict contrary to the great weight of the evidence?    We have read this lengthy record with

care and given consideration to the claim of counsel in this respect.    The testimony of the parties was very conflicting.    There is little in the record to corroborate that given by either of them.    It will serve no useful purpose to quote or further comment upon it.    The proof offered by plaintiff justified a verdict in her favor.    The denials of defendant and the circumstances relied on to defeat plaintiff's claim are not sufficient to warrant a reversal for the reasons stated.

6. Was the verdict excessive?    In his argument to the jury one of defendant's counsel conceded that the interest of defendant in his father's estate, under the trust provision, was substantially $334,000.    The verdict was about one-tenth of this amount.    Without determining whether this could be collected out of defendant's interest should he die during the trusteeship we think its value might be considered by the jury in fixing the compensation to which plaintiff was entitled.    That the wealth of the defendant is a proper subject for consideration in such cases admits of no doubt.    The reasons why substantial verdicts in cases like this should not be set aside are so well stated in *Bennett* v. *Beam*, 42 Mich. 346, that we content ourselves by referring to that case.    The amount of the verdict does not justify a reversal.

7. Complaint is made of the intemperate argument of counsel for plaintiff.    The trial court gave careful consideration to this claim in denying the motion for a new trial.    He called attention to the fact that he "in no uncertain terms" brought "forcibly to the attention of the jury the impropriety of counsel's statements."    We cannot understand why eminent counsel, notwithstanding repeated warnings of this court and occasional reversals, will persist in indulging in remarks not justified by the record.    The zeal of counsel is always to be commended but it should be

restrained to a fair discussion of the facts and the inferences to be drawn from the testimony. We agree with the trial court wherein he said:

"I do not believe that the jury were influenced by the argument complained of. There was ample proof to sustain plaintiff's claim and neither the verdict nor the amount of damages awarded indicated that passion or prejudice influenced the result."

8. A great deal of attention was given to this case by the newspapers of the city. This is not unusual where the parties have social or financial standing in the community. In support of his motion for a new trial a large number of the articles written, many of them containing illustrations, are collected and defendant's counsel strongly urge that the jury could not but have been influenced thereby. Early in the trial the court said to the jury:

"Gentlemen of the jury, there has been and probably will be during the course of this trial considerable newspaper publicity. Some things have been published which have not appeared in the evidence in this case. I would much prefer if the members of this jury did not read any of the articles with reference to this case until the trial is concluded. However, if you do read any of these articles, I wish to caution you against forming any impressions or opinions from what you might read. You must bear in mind that you are sworn here to try this case according to the evidence as it was presented to you in open court. You have no right to permit any outside influence to sway your opinion in any way. * * * I will urge you again not to read the articles appearing in the newspapers about this case until the case is over, and particularly not to discuss or permit any one to discuss with you any phase of this case."

There is no intimation that the plaintiff had anything to do with preparing or publishing the matter complained of. No motion for a mistrial on account thereof was made. There is no way in which a trial

court can control such reports. While, as urged by counsel, there might be less notoriety on a second trial we do not think we should treat this complaint as sufficient justification for granting a new trial. Were it apparent to us that the verdict for plaintiff or its amount had probably been influenced by the publications referred to we would feel constrained to do so, but such facts do not affirmatively appear. On the contrary there is nothing in the record to indicate that another trial, relieved of the publicity complained of, would produce a different result.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, McDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.