## GEDEON v DINSMORE
## GEDEON v PREFERRED AUTO INS CO

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 15584 & 15858. Decided Feb 1, 1937

Fuerst & Brown, Cleveland, for plaintiff-appellee.

Connors & Clarke, Cleveland, for defendants-appellants.

KLINGER, PJ, GUERNSEY, J, (3rd Dist) and HORNBECK, J, ((2nd Dist) sitting by designation.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment in behalf of plaintiff, in the sum of $6500.00. The action was for damages resulting from personal injuries to plaintiff, claimed to have been suffered by the negligence of the defendant in driving her automobile against the plaintiff.

The grounds of error asserted are five. They may be grouped under classifications that the finding and judgment are against the weight of the evidence, and not supported by the evidence; that the court erred in refusing to grant defendant's motion for verdict, at the end of plaintiff's case, and at the close of the whole case; admitting testimony concerning the allegations of pre-existing condition of plain-

tiff; and excessive damages influenced by passion and prejudice of the trial court.

The parties waived a jury and tried the case to the court who acted as judge and jury. After hearing the testimony, the trial court rendered an extended oral opinion, making finding on behalf of plaintiff, and after recess fixed the amount of the damages in the sum of $6500.00.

Without discussing the claimed errors in detail, suffice to say that we are satisfied that the finding reached was proper and the only fair determination which could have been made under the facts in the record. The facts clearly preponderate to effect that the plaintiff, while crossing the street on a cross-walk, and while under the protection of a traffic light was suddenly and without warning, struck by the front of defendant's automobile while in motion. That its movement was into a zone into which defendant at that time had no right to enter. No contributory negligence of the plaintiff appeared because she was not required to anticipate nor was she put on notice that defendant's automobile would suddenly move into her pathway.

We have also examined the claim that the defendant was prejudiced by the admission of certain testimony tending to show aggravation of pre-existing conditions in the plaintiff's knee where the injury complained of was suffered. We have carefully examined the record on this question, the action of the trial court and the separate findings of fact, and are of the opinion that the court did not act to the prejudice of the defendant although the testimony may have been improperly admitted. Counsel for plaintiff concedes that the testimony was not proper under the pleadings, but the trial court at the first opportunity when passing upon the case, indicated that he had not accepted this testimony as the basis for any damage to plaintiff. Later this position was restated in the findings of fact. The determination of the trial court was supported by the record. In this situation we are unable to see that there was error in admitting the testimony or that it prejudiced the cause of defendant.

We are of the opinion that the finding and judgment in the sum of $6500.00 is excessive as to all over $5000.00. It will therefore be ordered that if plaintiff will enter a remittitur as to all of the judgment in excess of $5000.00 with costs, the motion for new trial will be overruled, otherwise it will be sustained upon the claim of excessiveness of the verdict.

We do not find that the trial judge is chargeable with passion and prejudice. It is true that he made some rather caustic remarks respecting the testimony of defendant, but we cannot say that they were not justified. If defendant was testifying untruthfully it clearly related to a material fact and constituted perjury. This is a harsh word, but the trial judge indulged a fair interpretation of the evidence. We cannot say that it indicated passion and prejudice. The court commented particularly upon the attiude, appearance and demeanor of defendant on the witness stand—all factors properly entering into the opinion of the court.

KLINGER, PJ, GUERNSEY, J, HORNBECK, J, concur.