THE STATE OF OHIO, APPELLEE, *v.* MASON, APPELLANT.

(No. 1987—Decided December 2, 1948.)

*Mr. Mathias Heck,* prosecuting attorney, and *Mr. Herbert M. Jacobson,* for appellee.

*Messrs. Scharrer, Scharrer & Hanaghan,* for appellant.

BY THE COURT. This is an appeal on questions of law from the Common Pleas Court, Division of Domestic Relations, Montgomery county, in which the defendant was charged, tried and convicted of indecent exposure of his person in the presence of three schoolgirls.

The case was tried to the court without the intervention of a jury. The trial began on January 22, and was concluded on January 23, 1948. On the morning of January 23, a news item appeared in the Dayton Journal, a newspaper published in the city of Dayton, captioned: "Sex Offenses Show Increase; Parents' Wrath Aroused Here." The newspaper article, which the trial judge admitted had been called to his attention, was introduced as an exhibit at the close of the trial. In the newspaper article a statement is made that Dayton parents were incensed at a series of sex

offenses and filed vigorous protest with the trial judge. The newspaper article mentions the names of several persons charged with committing sex offenses; it also states that the president of the Montgomery County Parent-Teachers Association indicated to the trial judge that Dayton parents believe penalties for sex offenses were too light. The article comments on the trial of the defendant but makes no statement indicating the guilt or innocence of the defendant.

The trial judge before finding the defendant guilty and pronouncing sentence made a lengthy statement in which he analyzed the evidence and commented on the newspaper article as follows:

"I can assure you, Obed Mason, that the fact that there was a story in this morning's paper has not influenced me in the least. I'm not concerned with that story in the paper or what they might think or write. I'm concerned in this case primarily with the evidence that was brought out here in the courtroom, and I think the prosecutor and counsel for the defendant have both done an excellent job and have been most considerate of the court in their presentation of this case. I believe the evidence has been fully presented and capably presented. I appreciate that. It is my job to try and apply the law to these facts as they have been brought out."

The defendant contends that the court was prejudiced by reason of the appearance of the newspaper article of which the trial judge had knowledge. The point is made that the newspaper article was calculated to prejudice the mind of the court and deprive the defendant of a fair and just trial. No case in point is cited. However, the defendant calls our attention to *Meyer v. Cadwalader, Collector*, 49 F., 32, and *People v. Murawski*, 394 Ill., 236, 68 N. E. (2d),

272, which held that where newspaper articles are published during a trial which are calculated to prejudice the minds of the jurors, it will be presumed that the jurors read the articles and that action of a prejudicial character resulted. It is contended that this principle of law is equally applicable to the trial judge when acting as a trier of the facts. The courts of this state have refused to follow the above cited cases and have taken a contrary view. *Ryan* v. *State*, 10 C. C. (N. S.), 497, judgment affirmed without opinion by the Supreme Court in 79 Ohio St., 452, 87 N. E., 1141; *State* v. *Fouts*, 79 Ohio App., 255, 270, 72 N. E. (2d), 286. The view taken by the Ohio courts is supported by the following: *Hatton* v. *Stott*, 220 Mich., 262, 189 N. W., 850; *Forsythe* v. *In re Thompson's Estate*, 157 Mich., 669, 122 N. W., 219; *Ft. Wayne Iron & Steel Co.* v. *Parsell*, 49 Ind. App., 565, 94 N. E., 770, 777.

The question presented bears such a close analogy to the question which arises on the admission of incompetent evidence that a brief discussion of the law on that subject may be helpful. It has been held that where a trial is had before the court without a jury, the admission of incompetent evidence does not necessarily constitute reversible error; especially, is this true where the incompetent evidence is not considered by the trial judge or if there was sufficient competent evidence to support the judgment. 2 Ohio Jurisprudence (Pt. 2), 1278, Section 687; 3 American Jurisprudence, 593, Section 1037. It has been held that a conviction in a criminal case tried without a jury will not be reversed on appeal for admission of improper evidence unless prejudicial error is apparent. 3 American Jurisprudence, 595, Section 1041. (Cases cited.) In Ohio it has been held that greater freedom is afforded the court than the jury in hearing incompetent

evidence. In *Folliette v. Brett,* 16 C. C. (N. S.), 452, on page 454, 31 C. D., 624, it is stated: "The test of the prejudice of such evidence produced before a judge, is the order or judgment thereafter made by him." In *Cook* v. *Penrhyn Slate Co.,* 36 Ohio St., 135, 139, 38 Am. Rep., 568, it was held that no prejudice results if the finding is supported by competent evidence. In *Gedeon* v. *Dinsmore,* 24 Ohio Law Abs., 141, the second paragraph of the syllabus is as follows:

"The improper admission of testimony in an action tried before the court without a jury is not prejudicial when the court stated that he had not accepted such test as a basis for his findings, and restated this position in the findings of fact."

It is apparent that the position of the trial judge and the jury is dissimilar respecting such matters.

In the instant case, at the first opportunity, the trial judge did all within his power to refute any inference that he may have been influenced by the newspaper article or by the action of any persons mentioned in the article. Furthermore, after a consideration of the whole record, we are convinced that the conviction is supported by ample evidence. In view of the state of the record, to support a reversal, this court would be required to hold that as a matter of law the trial judge was prejudiced from the fact he read the newspaper article. We do not conceive this to be the law.

No other alleged errors are urged and we find no prejudicial error in the record. The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.