THE STATE OF OHIO, APPELLEE, *v.* ASTLEY, APPELLANT.

(No. 86AP-661 — Decided February 26, 1987.)

*Michael Miller,* prosecuting attorney, and *Alan C. Travis,* for appellee.

*David H. Bodiker,* for appellant.

STRAUSBAUGH, P.J. Defendant, William J. Astley, appeals from a judgment of the Court of Common Pleas of Franklin County finding him guilty of rape and gross sexual imposition. We affirm.

Ora Christine ("Chris") Thompson, the mother of the two-year-old rape victim Amanda Astley, testified to the events which led to defendant's conviction. Chris Thompson had previously entered guilty pleas to charges of attempted rape and sexual battery involving her daughter.

Chris Thompson entered into a sexual relationship with defendant which commenced in 1976 and continued until her arrest in September 1983. During this time photographs

were taken of their sexual activity and letters were written referring to sexual activity involving a child. Some of these photographs and letters were discovered in the residence of Donald LaPointe, a Bloomington, Minnesota, resident who had committed suicide. Among this material were four photographs which depicted Amanda engaging in sexual activity with a male.

Based on these photographs, letters and Chris Thompson's grand jury testimony, defendant was indicted on January 23, 1986 on two counts of rape pursuant to former R.C. 2907.02(A)(3)[1] (now [A][1][b]) and one count of gross sexual imposition under R.C. 2907.05(A)(3).[2] Defendant waived his right to a jury trial and the matter was set for trial to the court.

At trial, the state introduced a number of photographs and letters, as well as the testimony of Chris Thompson and several expert witnesses. The trial court, after reviewing the contents of the letters and photographs, excluded all but two photographs and one letter. Chris Thompson identified the male in those pictures as defendant. This identification was corroborated by expert testimony.

The trial court found defendant guilty on one count of rape by fellatio involving a minor and on one count of gross sexual contact involving a minor.

Defendant assigns two errors to the judgment of the trial court:

"1. The trial court erred in failing to sustain the defendant's motion for judgments of acquital [*sic*] as to Counts One and Three, and the subsequent findings of guilty as to those two counts were not supported by substantial evidence of each element of the crimes charged and were, as a matter of law, against the manifest weight of the evidence.

"2. The use by the prosecutor of evidence not related to the charges in question that was highly inflamatory [*sic*] in nature, the use of evidence and testimony illegally derived through abuse of the grand jury process, the use of improper expert testimony, and the use of evidence not provided to the defendant as required by the discovery process prejudiced the ability of the defendant to have a fair trial and the ability of the trier of fact to make a fair and impartial judgment."

In his first assignment of error, defendant asserts that the trial court erred in refusing to grant defendant's Crim. R. 29 motion for acquittal, and in finding him guilty of rape and gross sexual imposition. The thrust of this assertion is that the state failed to prove each and every element of the respective charges. We will consider each count in order.

The trial court based its judgment finding defendant guilty of rape on both the eyewitness testimony of Chris Thompson and on the photographs. The court declared that defendant had violated R.C. 2907.02(A)(3) regardless

---

[1] R.C. 2907.02(A)(3) provided (see 136 Ohio Laws, Part I, 316, 318) that:

"(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
"* * *

"(3) The other person is less than thirteen years of age, whether or not the offender knows the age of such person."

[2] R.C. 2907.05(A)(3) provides that:
"(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons, to have sexual contact when any of the following apply:
"* * *

"(3) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of such person."

of whether defendant's penis actually touched Amanda's mouth. It was sufficient that defendant's sex organ was within her oral cavity.

Defendant attacks this finding on two bases. First, although R.C. 2907.02 does not define fellatio, it contemplates something more than penetration of the plane of the mouth. The act must include touching or contact. Second, given the statutory language, it is necessary that the state prove the conduct was in fact a sexual act. Since the testimony of Chris Thompson established that the conduct was simulated only for photographic purposes and that no contact was made with Amanda's mouth when the photograph was taken, there was no proof of either contact or a sexual act.

These arguments proceed on a subjective definition of fellatio which looks to the intent of the defendant as the basis for culpability.[3] Defendant asserts that under this definition, where no evidence is adduced proving contact or a sexual purpose, a finding of rape is impossible and against the manifest weight of the evidence.

We reject this definition of fellatio as too subjective. R.C. 2907.02 and 2907.01(A) contemplate a more objective definition. In our view, fellatio is any stimulation of the penis by the mouth of another. The American Heritage Dictionary of the English Language (1979) 483; The Random House Dictionary of the English Language (Unabridged Ed. 1973) 522. The focus of such a definition is on the conduct in-

volved and not the motive for such conduct. Nor does this definition require contact or touching, merely physical stimulation. Several courts have recently adopted a similar view. *State* v. *Gonzales* (1985), 219 Neb. 846, 366 N.W. 2d 775 (where defendant has engaged the victim's mouth with penis, defendant has committed fellatio); *State* v. *McParlin* (R.I. 1980), 422 A. 2d 742 (offense committed with male sexual organ and the mouth).

The definition set forth above is victim-oriented. It requires only proof of conduct. Accordingly, it is in harmony with the legislative intent behind R.C. 2907.02. The committee comments to this section specifically state that fellatio is included in the definition of rape due to the serious mental or physical harm to the victim which can result from an act which amounts to rape. The rationale underlying this section is protection of the victim from sexual conduct, rather than to define the conduct in terms of the offender's intent.

This approach finds even greater support from the precise language of R.C. 2907.02(A)(3). Given the absence of a specific culpable mental state, fellatio involving a minor is a strict liability offense. R.C. 2901.21(B). Only subsections (A)(1) and (2) of R.C. 2907.02 provide for specific culpable mental states. Therefore, under R.C. 2907.02(A)(3), the act itself is the conduct prohibited, whatever the specific intent or purpose of the offender.[4]

From the foregoing, it is apparent

---

[3] A similar definition is found in Schmidt's Attorneys' Dictionary of Medicine (1981), at F-27. Fellatio is "[t]he practice of introducing the penis into the mouth of another person, male or female, for the purpose of having it stimulated with the lips and tongue."

[4] At oral argument and in his reply brief, defendant stated that, under the facts of record, he could only be charged with violating R.C. 2907.321, pandering obscenity involving a minor. We note in passing that whether or not a defendant could be charged under that section, defendant could also be charged with rape, which is a separate offense. That defendant may be guilty of the one offense does not preclude a finding of guilt as to the other.

that touching or contact with the mouth is not an essential element of fellatio. It is sufficient that the conduct involved defendant's sexual organ and the mouth of his victim. Accordingly, the trial court could reasonably have found, based on the competent evidence before it, that defendant had committed rape. This is true whether or not contact was made with Amanda's mouth or whether defendant's specific intent was proved.

Defendant next asserts that since the state failed to prove two elements of R.C. 2907.05(A)(3), his conviction for gross sexual imposition must be reversed. The photographs admitted at trial showed Amanda placing her hand on defendant's penis. Chris Thompson's testimony indicated that she encouraged Amanda to perform the act for the purpose of making the picture. Based on this, in defendant's view, the state failed to prove sexual arousal or gratification, or that defendant caused the act.

Defendant proffers another subjective definition which requires the state to prove defendant's state of mind. Again, we cannot adopt this approach.

R.C. 2907.05 and 2907.01(B) do not define "sexual arousal or gratification." Our review of the relevant case law in Ohio reveals no definition. Moreover, no dictionary definition has been found. In our view, the statutes contemplate any touching of the described areas which a reasonable person would perceive as sexually stimulating or gratifying. See, e.g., State v. House (1984), 66 Ore. App. 953, 957, 676 P. 2d 892, 894, modified (1985), 299 Ore. 78, 698 P. 2d 951 (defining similar words in an anti-obscenity statute).

As we stated above, R.C. Chapter 2907 is designed to protect victims of sexual crimes. Like R.C. 2907.02(A)(3), R.C. 2907.05(A)(3) is a strict liability offense and requires no precise culpable state of mind. All that is required is a showing of the proscribed sexual contact.

Here, the court specifically found arousal to have occurred. Defendant has not made the requisite showing to overcome the trial court's factual finding. State v. DeHass (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212.

The second prong of defendant's attack on his conviction under R.C. 2907.05(A)(3) focuses on the failure of the state to prove defendant caused the sexual contact. This argument ignores defendant's criminal liability under R.C. 2923.03(A)(2). That section of the Revised Code imposes the liability of a principal on one who aids or abets in the commission of a crime.

Even if Chris Thompson did initiate the touching, defendant had a duty not to acquiesce in criminal conduct. Whatever the motive for his conduct, defendant's failure to refrain resulted in his liability. R.C. 2901.21(A)(1).

From the foregoing, defendant's first assignment of error is not well-taken and is overruled.

As his second assignment of error, defendant asserts a number of errors which prejudiced his right to a fair trial. The essence of defendant's argument is that when a trial court sits as both judge and jury, it is so prejudiced by its review of evidence subsequently ruled inadmissible, as to commit reversible error.

Were we to accept defendant's argument, the judicial system would become too unwieldy. Such a view mandates that each case tried to the court be bifurcated. There would first have to be a separate hearing by one judge to rule on the admissibility of evidence before trial. A second judge would then be required to actually try the case. We do not believe R.C.

2945.06 and Crim. R. 23 contemplate this result.

Similar arguments were pressed in *State* v. *Blanton* (1960), 111 Ohio App. 111, 14 O.O. 2d 13, 170 N.E. 2d 754, and *State* v. *Mason* (1948), 85 Ohio App. 186, 40 O.O. 142, 83 N.E. 2d 807. There, the appellate courts held that, when a court sits as both judge and jury, it presumably limits its findings of fact to those which are sustained by competent evidence.

Accordingly, where, as here, the court sits as both judge and jury, and is required by R.C. 2907.02(E) and 2907.05(E) to rule on the admissibility of testimony and evidence, no prejudice results where the verdict is supported by substantial competent evidence. Defendant's second assignment of error is not well-taken and is overruled.

Defendant's two assignments of error are overruled, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

REILLY and McCORMAC, JJ., concur.