OPINION
In this accelerated appeal, appellant, Timothy Bloxson, Jr., fifteen years of age, challenges the sufficiency of the evidence upon which the Geauga County Juvenile Court adjudicated him to be delinquent by reason of committing gross sexual imposition.
Appellant is the son of a woman who provides day care services from her home. The five-year-old victim of the crime is one of the children the woman watches. At the adjudicatory hearing, the victim testified that, while she was playing in one of the rooms where appellant customarily did his homework, appellant put his hand down her pants and touched her bottom. Another boy, aged eight, who was likewise in the residence for day-care services, witnessed the event. He said he was in the same play room that day and saw appellant put his hand down the victim's pants, touching her genitals and her bottom while kissing her on the lips. A second boy, aged ten, the older brother of the first, also witnessed appellant putting his hand down the victim's pants and touching her bottom.
Appellant testified that he may have accidentally touched the victim when he tried to retrieve a piece of homework paper on which he claims the victim was sitting.
Although there was no direct evidence that appellant touched the victim for the purpose of sexually arousing or gratifying himself, the juvenile court made a finding of true on the delinquency complaint filed against him.
The assignment of error states:
 "The Trial Court erred to the prejudice of Appellant, * * *, Adjudicated Delinquent Child, by finding that [appellant] violated Ohio Revised Code (O.R.C.) Section 2907.05(A)(4), an offense known as gross sexual imposition, without finding that [appellant] had the specific intent of sexually gratifying himself."
R.C. 2907.05 provides, in pertinent part:
 "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
"* * *
 "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
Sexual contact is defined in R.C. 2907.01(B) as:
 "* * * any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
In State v. Astley (1987), 36 Ohio App.3d 247, 250, the Tenth District Court of Appeals held that the phrase "sexual arousal or gratification" simply means that which a reasonable person would perceive as sexually stimulating. The court then held that gross sexual imposition is a strict liability offense, needing no proof of a culpable mental state. Id.
In State v. Said (Mar. 26, 1993), Lake App. No. 92-L-018, unreported,[1] we adopted the rule of Astley in a slightly different form. Instead of holding that no evidence whatsoever of the accused's mental state is required, we held that no direct
evidence of his mental state is required. It is sufficient if there is circumstantial evidence from which the finder of fact can infer the purpose of the act was for sexual gratification. Id. at 12. A sexual purpose can be inferred from the nature of the act itself if a reasonable person would find that act sexually stimulating to either the offender or the victim. We held the evidence in Said that the accused masturbated his granddaughter to be sufficient to allow the inference that he did so for his own sexual gratification. Id.
Similarly, other courts have held that touching the victim in her private areas is sufficient to infer such an intent. See,e.g., State v. Valdez (Oct. 25, 1991), Ottawa App. No. 90-OT-007, unreported, 1991 WL 253798 (evidence that the defendant touched the victim on her vagina and buttocks was sufficient to support inference of the defendant's purpose to sexually gratify himself).
A reasonable person could infer that placing one's hand down a young female's pants and touching her bare buttocks and perhaps her vagina is sexually stimulating. Therefore, the evidence is more than adequate to support the inference that appellant did so for the purpose of sexually gratifying himself. Said; Valdez. The juvenile court did not err in finding appellant to be a delinquent child on this evidence.
Appellant asks that we overrule Said and adopt a rule that would require the state to produce specific, or direct, evidence of the accused's purpose. That would make it virtually impossible to obtain a conviction, because nobody except the perpetrator really knows why he touched the victim. Barring a confession, the only way to prove that the perpetrator committed the act for a sexual purpose is to resort to indirect evidence. The accused then has the opportunity to rebut the state's circumstantial evidence with proof that he touched the victim for a non-sexual purpose, such as brushing her aside to reach a homework paper. It is then for the trier of fact to weigh the conflicting presentations and to adopt the version of facts it finds more credible. The Said rule strikes a good balance between the state's right to a reasonable opportunity to prove the charge and the accused's right of defending himself, and we decline to abandon it.
The assignment of error is without merit, and the judgment of delinquency is affirmed.
ROBERT A. NADER, JUDGE.
FORD, P.J., and CHRISTLEY, J., concur.
[1] Said was affirmed on other grounds in State v. Said (1994), 71 Ohio St.3d 473.