OPINION
Defendant-appellant Theodore Gerardi appeals the July 9, 2001, Judgment of the Court of Common Pleas of Delaware County, Ohio, convicting and sentencing him on three counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On April 6, 2001, defendant-appellant Theodore Gerardi [hereinafter appellant] was indicted on four counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). The charges stem from allegations that appellant touched an eight-year-old neighbor girl on her breasts, pubic area, thighs and buttocks on multiple occasions. Appellant is deaf. The victim, who is not deaf but whose parents are deaf, communicated with appellant through sign language.
Appellant was arraigned on April 13, 2001, and entered a plea of not guilty to all charges. A jury trial began on June 5, 2001. On June 6, 2001, the jury returned verdicts of guilty on three counts of gross sexual imposition and not guilty on one count of gross sexual imposition. On June 11, 2001, the trial court accepted the jury's verdict and entered judgment on the verdicts. The trial court ordered that a presentence report be prepared before sentencing.
Appellant filed a motion for acquittal after verdict, pursuant to Criminal Rule 29(C), on June 20, 2001. Appellant argued that there was insufficient evidence for conviction in regard to one of the counts. On July 9, 2001, the trial court denied appellant's motion.
On July 9, 2001, the trial court sentenced appellant to two years of incarceration on each of the three counts of gross sexual imposition. The trial court ordered that the sentences be served concurrent to one another. Further, appellant was found to be a sexually oriented offender, pursuant to R.C. 2950.04.
It is from the July 9, 2001, Judgment Entry of Sentencing that appellant appeals, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE VERDICT OF THE JURY MUST BE REVERSED AS IT WAS BASED UPON INSUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 ASSIGNMENT OF ERROR II
 THE DEFENDANT WAS DENIED HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL WHEN THE STATE WAS ALLOWED TO CALL THE OFFICIAL COURT APPOINTED INTERPRETER AS A WITNESS FOR THE PROSECUTION.
 ASSIGNMENT OF ERROR III
 THE DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL COUNSEL FAILED TO OBJECT TO THE TESTIMONY OF THE COURT INTERPRETER.
 I
In appellant's first assignment of error, appellant argues that the jury verdict convicting him of three counts of gross sexual imposition was not supported by sufficient evidence and was against the manifest weight of the evidence. We disagree.
In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks, supra, at paragraph two of the syllabus.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins (1997),78 Ohio St.3d 380, 387 (citing State v. Martin (1983), 20 Ohio App.3d 172,175). Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of syllabus.
In the case sub judice, appellant challenges his conviction on three counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). Revised Code 2907.05 states the following, in pertinent part:
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
. . .
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
Sexual contact is defined in R.C. 2907.01(B) as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
Specifically, appellant contends that there was no evidence that appellant's alleged contact with the child victim was for sexual arousal or gratification. Further, appellant asserts that the victim's testimony is undercut by her contention that her young friend, appellant's seven year old daughter, was present during the incidents. Appellant's daughter testified that she did not see appellant do any "bad touch" with the victim.
First, there is no requirement that there be direct testimony regarding sexual arousal or gratification. State v. Astley (1987),36 Ohio App.3d 247; State v. Cobb (1991), 81 Ohio App.3d 179; In ReAnderson (1996), 116 Ohio App.3d 441; State v. Brady (July 9, 2001), Stark App. No. 2000CA00223, 2001 WL 815574. In the absence of direct testimony regarding sexual arousal or gratification, the trier of fact may infer that appellant was motivated by desires for sexual arousement or gratification from the "type, nature and circumstances of the contact, along with the personality of the defendant." State v. Cobb
(1991), 81 Ohio App.3d at 185; State v. Brady, supra (citing Cobb).
In the case sub judice, there is sufficient evidence from which the jury could have inferred that appellant's motive was sexual arousal or gratification: In a videotaped interview with police, appellant made incriminating statements, including an admission that he touched the child victim in an erogenous zone from three or four to possibly ten or fifteen times. In that interview, appellant also admitted that he has had a problem with touching children since his Uncle molested him as a child. Further, Johnny Brewer, appellant's friend, testified that appellant admitted touching the child but did not penetrate her. The victim testified that appellant touched her breasts, pubic area, thighs and buttocks. Further, the appellant threatened her not to tell her parents. Appellant told the victim that if she did, he would "tell the cops that [her] parents smoke marijuana." TR 169.
Lastly, two inmates from the Delaware County Jail testified that appellant admitted touching the child in a sexual manner. Todd Sidle, an inmate at the county jail with appellant, testified that appellant not only admitted to the touching but stated that it felt good and so appellant kept rubbing her and feeling her. Fellow inmate Thomas Best testified that appellant admitted that once when appellant was "real drunk," appellant was "feeling on the little girl" and "licking and playing on" the child. TR. 211. A jury could infer from this evidence that appellant's motive for the touching was sexual arousal or gratification.
Further, even though the appellant's seven year old daughter testified that she did not see appellant commit a "bad touch" on the victim, we find that there was sufficient evidence substantiating the victim's allegations to support appellant's conviction. We find that the jury did not lose its way nor create a manifest injustice. Therefore, the judgment is not against the manifest weight of the evidence.
Appellant's first assignment of error is overruled.
 II
In the second assignment of error, appellant argues that he was denied a fair and impartial trial when the trial court permitted the State to call one of the official court appointed interpreters, Cathy Hodge, as a rebuttal witness for the prosecution. Appellant contends that Hodge's role as an interpreter for the court caused the jury to view her as part of the official judicial process and an officer of the court. Therefore, appellant concludes that Hodge's role as part of the official judicial process removed any chance that the jury would believe any evidence presented by appellant that contradicted Hodge's testimony.
At trial, the State presented a videotape of a police interview of appellant. In the interview, the police used a sign language interpreter to communicate with appellant. According to the interpretation, appellant made incriminating statements during the interview. The State used those statements against appellant at trial. However, while testifying at trial, appellant contended that he did not always understand the interpreter during the interview and did not commit the offenses.
In rebuttal, the State called Cathy Hodge. Hodge was one of the interpreters the court was using to interpret between the parties and witnesses at the trial. Without objection, Hodge was permitted to testify that she had reviewed the interview videotape and that the translator's interpretation was accurate, except for some insignificant differences. Further, Hodge stated that, in her opinion, it did not appear that appellant had any difficulty understanding the interpreter in the interview.
Since appellant failed to object at trial to Hodge's testimony, we must review this assignment of error under a plain error analysis, pursuant to Crim.R. 52(B). This rule provides that: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus; State v. D'Ambrosio (1993), 67 Ohio St.3d 185, 191.
We do not condone the use of a court interpreter as a witness for the State. The use of a court interpreter as a witness involves an inherent danger. The jury may place more credibility on the court appointed interpreter's testimony because she is an officer of the court.
However, we cannot say that the use of Hodge as a witness for the State constituted plain error in this case. The victim testified that appellant touched her in multiple erogenous zones. A friend of appellant's testified that appellant admitted to the touching and two of appellant's fellow inmates at the county jail testified that appellant admitted to the touching or "feeling" of the child. TR 193 and 211. In the face of this evidence, we cannot say that the outcome of the trial clearly would have been different but for the alleged error.
Appellant's second assignment of error is overruled.
 III
In the third assignment of error, appellant claims that he was denied his right to effective assistance of counsel when his trial counsel failed to object to the testimony of the court interpreter, Cathy Hodge. We disagree.
The standard of review for a claim of ineffective counsel was established in Strickland v. Washington (1984), 466 U.S. 668, and adopted by Ohio in State v. Bradley (1989), 42 Ohio St.3d 136. These cases set forth a two-pronged analysis. The first prong of the analysis requires a showing that counsel's assistance was ineffective in that it fell below an objective standard of reasonable representation and violated essential duties to the client. The second prong requires a showing of actual prejudice by counsel's ineffectiveness such that but for the counsel's unprofessional error the outcome of the trial would have been different. A court may dispose of a case by considering the second prong first, if that would facilitate disposal of the case. Bradley, 42 Ohio St.3d at 143
(citing Strickland, 466 U.S. at 697.)
We note that a properly licensed attorney is presumed competent. SeeVaughn v. Maxwell (1965), 2 Ohio St.2d 299; State v. Calhoun (1999),86 Ohio St.3d 279. Reviewing courts must refrain from second-guessing strategical decisions and presume that counsel's performance falls within the wide range of reasonable legal assistance. State v. Carter (1995),72 Ohio St.3d 545, 558.
In the case sub judice, we find that appellant has failed to demonstrate that counsel's actions prejudiced him. As stated previously, there was a considerable amount of testimony showing that appellant had committed the offenses and admitted his actions to others. We cannot say that, but for counsel's failure to object to Hodge's testimony, the outcome of the trial would have been different.
Appellant's third assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed.
Costs to appellant.
Hon. Julie Edwards, P.J., Hon. W. Scott Gwin, J., Hon. William Hoffman, J., concur.