[Cite as *State v. Lieurance*, 2013-Ohio-3875.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,          CASE NO.  2-12-21

      v.

MICHAEL J. LIEURANCE,          O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,          CASE NO.  2-12-23

      v.

MICHAEL J. LIEURANCE,          O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Auglaize County Municipal Court**
**Trial Court No. 12 CRB 00491**

**Judgments Affirmed**

**Date of Decision:   September 9, 2013**

APPEARANCES:

      *Jennifer L. Brunner and Elizabeth A. Mote* **for Appellant**

      *Edwin A. Pierce and Alexander N. Fowler* **for Appellee**

**SHAW, J.**

{¶1} Defendant-appellant, Michael J. Lieurance ("Lieurance"), appeals the judgments of conviction and sentence issued by the Auglaize County Municipal Court finding him guilty of sexual imposition, in violation of R.C. 2907.06(A)(1), sentencing him to serve 10 days in jail, and placing him on two years of community control.

{¶2} The prosecution provided the following evidence in support of its case against Lieurance. On August 6, 2012, Lieurance was on a family vacation at Glacier Hills Campground in Auglaize County with his partner, William Birt ("Birt"), and Birt's children. Lieurance and Birt owned a trailer parked on a campsite in the campground.

{¶3} At approximately 10:00 p.m. that evening, Lieurance made the acquaintance of sixteen-year-old T.B., who was also vacationing at the campground with his mother and four younger sisters. There is some discrepancy about whether Lieurance invited T.B. to his campsite, but it is nevertheless undisputed that T.B. was seated in a folding chair to the right of Lieurance and the two engaged in small talk. At this time, no one else was seated at the campsite with T.B. and Lieurance.

{¶4} T.B. recalled Lieurance reaching over him with his right hand to grab his cigarettes, which were located in the cup holder in the right arm of T.B.'s

chair. T.B. testified that as Lieurance reached over T.B.'s lap, "he brushed his hand across my bottom genitals [sic] area and when he pulled back he rubbed them across as he was going back as well." (Tr. at 7). T.B. specifically stated that Lieurance touched his penis and testicles over his clothes. T.B. explained that he did not do anything at that point because he thought it might have been an accident.

{¶5} Shortly thereafter, T.B.'s six-year-old sister came over to Lieurance's campsite and sat on T.B.'s lap. T.B. began tickling her and Lieurance joined in. T.B. testified that as Lieurance attempted to tickle his sister, his hand slid down and tickled T.B. on his penis instead. T.B. testified that he became nervous and uncomfortable and did not know how to react. He then took his sister over to his mother, who was at a neighboring campsite.

{¶6} T.B. then returned to Lieurance's campsite and sat down. T.B. could not explain why he returned to the campsite. At this time, Birt, Lieurance's partner was also at the campsite and conversed with Lieurance and T.B. T.B. testified that "when [Birt] was there [Lieurance] wouldn't touch [him] at all in any way, but after [Birt] left [Lieurance] would rub [his left] leg a lot." (Tr. at 9).

{¶7} T.B. testified that "at the times [sic] I was getting ready to leave [Lieurance] reached over and was rubbing my leg again and slid his hand and full on grabbed [me] by my testicles and my penis and started rubbing." (Tr. at 10).

T.B. stated that he then attempted to leave when Lieurance reached again to touch him, but he moved and walked away.

{¶8} T.B. testified that he walked over to the campsite of a family friend, Tommy Deal, where his mother was sitting. T.B. recalled sitting down in front of Tommy at the campsite. He also testified that about ten minutes after he left Lieurance's campsite, he texted Tommy and told him that he really needed to talk to someone when his (T.B.'s) mother was not around. The prosecution admitted as an exhibit at trial a picture of the text message T.B. sent to Tommy, which stated "Don't say ANYTHING outloud [sic]…but when mom leave [sic] I need to talk to you badly…plss [sic]." T.B. testified that once he was able to talk to Tommy alone, he told Tommy that Lieurance had touched him inappropriately and recounted each incident to Tommy. T.B. testified that he also told his mother about the incidents with Lieurance later that night. T.B. subsequently decided to file a report with law enforcement.

{¶9} On August 15, 2012, a criminal complaint was filed against Lieurance alleging that he committed the offense of sexual imposition against T.B.

{¶10} On August 22, 2012, Lieurance appeared in open court and entered a plea of not guilty to the charge.

{¶11} On October 1, 2012, the trial court conducted a bench trial. Several witnesses testified, including Lieurance in his defense. After hearing the evidence, the trial court took the matter under advisement.

{¶12} On October 23, 2012, the trial court issued a journal entry finding Lieurance guilty of sexual imposition and set the matter for sentencing.

{¶13} On November 13, 2012, the trial court issued a sentencing entry imposing a sentence of ten days in jail and placing Lieurance on community control for two years. Lieurance was also classified as a Tier I sex offender.

{¶14} On November 15, 2012, the trial court issued an entry entitled "Community Control Sanctions," which set forth the terms and conditions of Lieurance's community control in greater detail than in the original sentencing entry.

{¶15} Lieurance now appeals, asserting the following assignments of error.

**ASSIGNMENT OF ERROR NO. I**

**THE TRIAL COURT ERRED IN FINDING MICHAEL J. LIEURANCE GUILTY OF SEXUAL IMPOSITION, A VIOLATION OF R.C. 2907.06, BECAUSE THERE IS AN ABSENCE OF CORROBORATING EVIDENCE REQUIRED TO SUSTAIN CONVICTION.**

**ASSIGNMENT OF ERROR NO. II**

**THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT FOUND HIM GUILTY BEYOND A REASONABLE DOUBT AND ENTERED A JUDGMENT OF CONVICTION OF SEXUAL**

**IMPOSITION AGAINST HIM, BECAUSE THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

**ASSIGNMENT OF ERROR NO. III**

**MICHAEL J. LIEURANCE DID NOT RECEIVE A FAIR AND JUST TRIAL BECAUSE OF THE INEFFECTIVE ASSISTANCE OF HIS TRIAL COUNSEL.**

*First and Second Assignments of Error*

{¶16} In his first and second assignments of error, Lieurance argues that his conviction for sexual imposition was not supported by sufficient evidence and was against the manifest weight of the evidence.

{¶17} When reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus.

{¶18} In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, " '[weigh] the evidence and all reasonable inferences, consider the credibility of witnesses and [determine] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins,* 78

Ohio St.3d 380, 387 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967).

{¶19} Lieurance was convicted of sexual imposition, in violation of R.C. 2907.06(A)(1), which states in relevant part.

> **(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:**
>
> **(1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.**

{¶20} Before we address Lieurance's arguments under these assignments of error, it is necessary to discuss the remaining evidence presented at trial.

{¶21} In addition to T.B.'s testimony previously discussed, the prosecution presented the testimony of Tommy Deal, in whom T.B. first confided regarding the incidents with Lieurance. On the night in question, Tommy recalled T.B. sitting down at his campsite and sending him a text message, expressing that T.B. needed to talk to him alone. Tommy indicated that T.B. told him the details of the encounters with Lieurance that night. Tommy testified that he advised T.B. to

decide how he wanted to proceed. Tommy also recalled observing Lieurance to be drunk that evening.

{¶22} Tommy testified that the following day he point blank asked Lieurance why he touched T.B. Tommy recalled that at first Lieurance acted as if he did not know what Tommy was talking about. Tommy told Lieurance that he thought Lieurance was lying to him. Tommy testified that Lieurance then stated repeatedly that it would never happen again. Tommy recalled that the next day he spoke to Lieurance, who repeated that it would never happen again. Tommy also admitted that he threatened to "rip [Lieurance] in half" if he ever touched T.B. again.

{¶23} The prosecution also presented the testimony of Sgt. Douglas Burke and Sgt. Brian Vernon, the law enforcement officers who took statements from T.B. and his mother and who later spoke to Lieurance regarding the allegations. Their conversation with Lieurance was recorded and admitted as an exhibit at trial. During the conversation, Lieurance admitted to having numerous alcoholic beverages on the day of the alleged incidents. When asked about the specific allegations, Lieurance responded that he remembered tickling T.B.'s sister on the leg and that he accidently touched T.B. and apologized. However, regarding the other allegations of grabbing and touching T.B. in the genital area, Lieurance

admitted that he was intoxicated and repeatedly said that if it did happen he did not remember and it was not intentional.

{¶24} The defense presented the testimony of Lieurance and his partner, Birt. Birt recalled Lieurance drinking on the day of the incidents. Birt testified that he saw Lieurance with T.B. and T.B.'s sister at their campsite. However, he could not recall if Lieurance was ever alone at the campsite with T.B. and he testified that he did not see Lieurance touch T.B. Birt admitted that during the time when the alleged incidents occurred, he was running back and forth between campsites and that he also ran into town to purchase cigarettes.

{¶25} As the last witness for the defense, Lieurance took the stand. Lieurance admitted that he began drinking around noon on the day of the alleged incidents. Lieurance recalled that T.B. arrived at his campsite and sat in the chair Lieurance was previously sitting in. Lieurance recalled reaching across T.B. to grab his cigarettes, but denied that he touched T.B. Lieurance also remembered tickling T.B.'s younger sister with T.B. Lieurance explained that when T.B. tickled the girl's sides she squirmed and fell back on T.B.'s lap, entrapping Lieurance's hand in T.B.'s groin area. Lieurance testified that he immediately withdrew his hand and apologized to T.B. Lieurance denied that any other incident occurred.

{¶26} We now turn to address Lieurance's arguments on appeal. First, Lieurance contends that his conviction for sexual imposition is not supported by corroboration of T.B.'s testimony, as required by R.C. 2907.06(B).

{¶27} Section 2907.06(B) of the Revised Code sets forth the specific requirement that "No person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence." R.C. 2907.06(B). "However, the corroborating evidence "need not be independently sufficient to convict the accused." *State v. Economo*, 76 Ohio St.3d 56, 1996-Ohio-426, (1996). Rather, even "[s]light circumstances or evidence which tends to support the victim's testimony is satisfactory." *Id*. at syllabus. Corroborating evidence is not an element of the offense, but an ancillary evidentiary requirement that the trial court must decide. *Id*. at 60-62.

{¶28} In *Economo*, the corroborating evidence consisted of: (1) confirmation that the victim had an appointment with the defendant on the date in question; (2) a witness' testimony that the victim appeared frightened and upset, and asked to not be left alone with the defendant; and (3) a witness' testimony that the victim was on the verge of crying upon exiting a room where she had been alone with the defendant. *Economo* at 60.

{¶29} Here, the corroborating evidence consisted of: (1) Tommy's testimony that T.B. told him of the incidents shortly after they occurred; (2)

Tommy's testimony that he confronted Lieurance about the allegations and Lieurance responded by saying that it would never happen again; (3) statements made to law enforcement by both T.B. and his mother reporting the allegations; (4) Lieurance's statements to law enforcement confirming that Lieurance and T.B. were sitting together at the campsite on the night in question; and (5) Lieurance's statements to law enforcement that he was intoxicated that night and could not remember if the alleged incidents occurred. We find that this evidence meets the criteria established in *Economo* of slight circumstances or evidence tending to support the victim's testimony and is therefore also sufficient to meet the requirements of R.C. 2907.06(B).

{¶30} Next, Lieurance contends that his conviction for sexual imposition is against the manifest weight of the evidence on two grounds. First, Lieurance argues that the evidence did not support the trial court's finding that he intended the touching to be sexually arousing or gratifying. Second, Lieurance argues that the evidence did not support the trial court's finding that he acted knowingly or recklessly.

{¶31} Regarding the first ground cited by Lieurance, "sexual contact" is defined to mean "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C.

2907.01(B). The Ohio Revised Code does not define "sexual arousal" or "sexual gratification." *State v. Gesell*, 12th Dist. Butler No. CA2005–08–367, 2006–Ohio–3621, ¶ 23, citing *In re Anderson*, 116 Ohio App.3d 441, 443, (12th Dist. 1996). However, courts have construed R.C. 2907.01(B) to "contemplate any touching of the described areas which a reasonable person would perceive as sexually stimulating or gratifying." *State v. Astley*, 36 Ohio App.3d 247, 250, (10th Dist. 1987).

{¶32} In addition, "[w]hile the purpose of sexual arousal or gratification is an essential element of the offense of * * * sexual imposition, there is no requirement that there be direct testimony regarding sexual arousal or gratification[.]" *Gesell* at ¶ 25. Rather, the proper method to determine whether sexual contact occurred is to permit the trier of fact to infer from the evidence presented whether the defendant's contact with those areas of the body described in R.C. 2907.01 was made for sexual arousal or gratification. *See Id.* at ¶ 24.

{¶33} In this case, T.B. testified that Lieurance "grabbed," "touched," or "rubbed" his penis and testicles over his clothes on three separate occasions while they were sitting at Lieurance's campsite. T.B. also testified that Lieurance repeatedly rubbed his leg during this time. Thus, a reasonable trier of fact could certainly infer that this contact was made for the purpose of sexually arousing or gratifying Lieurance.

**{¶34}** Lieurance also argues that the trial court erred in finding that he knew that the sexual contact was offensive to T.B., or was reckless in that regard. A person acts "knowingly" when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. *See* R.C. 2901.22(B). A person acts recklessly "when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." *See* R.C. 2901.22(C).

**{¶35}** Notwithstanding the fact that T.B. is a minor and Lieurance is much older than him, T.B. testified that Lieurance would not touch him when his partner was present, but when Lieurance's partner left the campsite Lieurance would resume rubbing T.B.'s leg. T.B. also testified that Lieurance's touching made him feel uncomfortable and nervous. T.B. stated that based on these feelings he removed his sister from the situation and eventually left Lieurance's campsite. Moreover, in his statements to police, Lieurance acknowledged that the alleged touching of a minor was inappropriate, but he also stated that could not remember whether or not the events happened due to his intoxicated state. Notably, "[v]oluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a criminal offense." R.C. 2901.21(C). Thus, there was evidence presented at trial for the trier of fact conclude that Lieurance knew that the sexual contact was offensive to T.B., or

acted reckless with regard to whether it was offensive. Therefore, we find the trier of fact did not lose its way in finding Lieurance's actions were at the very least reckless and constituted an unwarranted and offensive touching.

{¶36} After viewing the evidence in a light most favorable to the prosecution, we find that any rational trier of fact could have found the essential elements of the crime of sexual imposition proven beyond a reasonable doubt. With regard to the manifest weight of the evidence, we note that the trial court as the trier of fact is in the best position to assess the credibility of witnesses. Here, the trial court chose to believe the prosecution's witnesses. Accordingly, we cannot say that the trier of fact clearly lost its way in finding Lieurance guilty of sexual imposition. Lieurance's first and second assignments of error are overruled.

### *Third Assignment of Error*

{¶37} In his third assignment of error, Lieurance argues that his trial counsel was ineffective for: 1) failing to file any pretrial motions or to prepare for trial; 2) failing to properly object at trial; 3) failing to present evidence; and 4) failing to present evidence or argument in mitigation at sentencing

{¶38} At the outset, we note that attorneys licensed by the State of Ohio are presumed to provide competent representation. *State v. Hoffman*, 129 Ohio App.3d 407 (1998). To prevail on a claim of ineffective assistance of counsel, a

defendant must prove that trial counsel's performance fell below objective standards of reasonable representation and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136, paragraph two of the syllabus (1989). This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland*, 466 U.S. at 687.

{¶39} Also, in order to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, but for counsel's errors, the outcome at trial or in his legal proceedings would have been different. *Bradley*, 42 Ohio St.3d at paragraph three of the syllabus. "Reasonable probability" is a probability sufficient to undermine confidence in the result. *Id*. at 142.

{¶40} When considering a claim of ineffective assistance of counsel, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Accordingly, courts are to afford a high level of deference to the performance of trial counsel. *Bradley*, 42 Ohio St.3d at 142. Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Carter*, 72 Ohio St.3d 545, 558, 1995–Ohio–104. Rather, the errors complained of

must amount to a substantial violation of counsel's essential duties to his client. *See Bradley* at 141–142.

**{¶41}** Here, the record establishes that the prosecution's evidence in this case was relatively straight forward and did not require a complex defense. There are several possible tactical reasons for why trial counsel chose not to prolong the litigation and to proceed to trial in an expedient manner. The record also establishes that trial counsel lodged several objections at trial, including objecting to the admissibility of the prosecution's exhibits. Despite appellate counsel's representations on appeal, trial counsel did present evidence in Lieurance's defense. The fact that appellate counsel would have prepared the defense differently is not a basis for a legitimate ineffective assistance of counsel claim. Finally, appellate counsel's argument regarding a failure to present evidence in mitigation is pure speculation and presupposes that there is evidence that could have been presented that would support a lesser sentence. Notably, Lieurance's sentence is well below the maximum sentence the trial court could have imposed.

**{¶42}** Simply put, the arguments set forth by Lieurance's appellate counsel are speculation and conjecture predicated upon what appellate counsel would have done differently at trial. Moreover, none of the circumstances enumerated by appellate counsel demonstrate a reasonable probability that, but for trial counsel's

alleged errors, the outcome at trial or in the legal proceedings would have been different.  Accordingly, Lieurance's third assignment of error is overruled.

{¶43} Based on the foregoing, the conviction and sentence of the Auglaize County Municipal Court is affirmed.

*Judgments Affirmed*

**PRESTON, P.J. and ROGERS, J., concur.**

**/jlr**