OPINION
Defendant Lawrence Toles, Jr. appeals a judgment of the Court of Common Pleas of Stark County, Ohio, overruling his motion for a new trial made pursuant to Crim.R. 33(A)(1). Appellant had been convicted and sentenced for one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the first degree, possession of cocaine in violation of R.C. 2925.11(A), a felony of the third degree, and one count of possession of marijuana in violation of R. C. 2925.11(A), a felony of the fifth degree, after a jury found him guilty. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN FORCING APPELLANT'S TRIAL ATTORNEY TO REST PRIOR TO HEARING THE TESTIMONY OF A WITNESS WHO HAD BEEN PROPERTY[SIC] SUBPOENAED BY THE DEFENSE, AND WHO WAS NOT PRESENT AT THE TRIAL IN VIOLATION OF ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION AND THE SIXTH AMENDMENT RIGHT OF COMPULSORY PROCESS, OF THE UNITED STATES CONSTITUTION.
The record indicates Patrolman Thomas Minarcheck, of the Massillon City Police Department conducted a traffic stop of a car driven by appellant on November 16, 1996. As a result of the stop, appellant was arrested for violating his occupational driving privileges granted after his driver's license was suspended. Officer Minarcheck conducted an inventory search of the vehicle prior to impounding it, and found items the officer believed to be marijuana and cocaine. Officer Minarcheck obtained a search warrant and found additional substances which tested positive for marijuana and cocaine. Appellant was also carrying a large amount of cash.
At trial, appellant admitted ownership of the vehicle, but testified on the day in question he had loaned the car to one Ervin Kyles. Appellant testified he had been convicted of a DUI, and although his driver's license was under suspension, he had been granted occupational driving privileges from 12:00 p.m. to 10:00 p.m. Monday through Saturday. Kyles did not return the car until around 8:00 p.m. and appellant had expected him earlier. Knowing it was getting late, appellant was in a hurry to get the car back, and did not give Kyles an opportunity to remove anything from the car when he returned it. Appellant testified he was unaware there was any cocaine in his vehicle. Appellant testified he did not use cocaine, and explained he was carrying a large amount of cash as a down payment on a land contract home.
Prior to appellant's testimony, defense counsel, outside the hearing of the jury, informed the court he had issued a subpoena for Ervin Kyles at his residence in Massillon, Stark County, Ohio. The subpoena named March 25 as the day set for trial, but the trial date had been continued. Counsel advised the court that the previous Friday, he had met with appellant and Kyles in his office, and Kyles had executed an affidavit which admitted the drugs belonged to Kyles, not to appellant. In the statement, Kyles asserted when he borrowed appellant's vehicle, he went to purchase drugs, and hid the drugs in the trunk of appellant's vehicle. When Kyles returned the vehicle to appellant, appellant did not give him the opportunity to retrieve his drugs. Kyles affirmed his ownership of the drugs, and asserted appellant had no knowledge the drugs were in the car.
Counsel also informed the court Kyles was not going to appear for trial, despite the subpoena. Defense counsel asked the court to issue a warrant for Kyles' arrest to compel his attendance at the trial. When the bailiff called Ervin Kyles' name, he could not be found anywhere in the courthouse. For this reason, the court issued a bench warrant directing the Stark County Sheriff's Department to go to the Massillon address and secure Kyles' presence at trial the following day.
The next afternoon, the trial court called appellant's case, and put on the record the court had been informed by the bailiff that the Sheriff's Office was unable to locate Kyles at the address given by defense counsel. The court overruled defense counsel's motion to continue the case to secure Kyles' attendance. The court noted it had no reason to believe that if the Sheriff's Office had more time it would be able to secure the attendance of the witness. The court accepted the affidavit as a court exhibit, but declined to give it to the jury.
Prior to accepting the jury's guilty verdict and sentencing appellant, the court held a special hearing on the record regarding the failure of Kyles to attend appellant's trial. The court found Kyles was properly subpoenaed and served, and subsequently gave defense counsel a notarized statement exculpating appellant. The court found it issued a warrant directing the Sheriff to go to Kyles' Massillon address. The next day, the court was under the impression the Sheriff had attempted to locate Kyles. The court asserted because of the misunderstanding, it had denied the request for further continuance.
The court also found defense counsel had spoken by telephone with Kyles before the State rested its case in chief, and Kyles had informed defense counsel he would not attend the trial because his children were sick. Kyles was unwilling to tell defense counsel where he was, but indicated he was somewhere in Pennsylvania. Thereafter, the court accepted the jury verdict.
On April 8, 1997, appellant filed his motion for a new trial, citing Crim.R. 33(A)(1) as his basis. That rule states in pertinent part:
(A) Grounds.
 A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial.
Appellant cites us to Washington v. Texas (1967),388 U.S. 14, wherein the United States Supreme Court held a criminal defendant's right to offer the testimony of witnesses, and to compel their attendance, if necessary, at trial, is part of the defendant's right to present a defense and to give the accused's version of the facts to the jury so it may decide the truth. The right to present witnesses on his own behalf is a fundamental element of due process of law equal to the accused's right to confront the prosecution's witnesses. The State must not impede the defendant's right to compel attendance of a material witness,State v. Mayhew (1991), 71 Ohio App.3d 622.
Here, it is undeniable the Sheriff's Office should have attempted to locate Erwin Kyles. When the court overruled appellant's motion to continue the matter because Kyles did not attend, the court was under the misapprehension the Sheriff's Office had unsuccessfully attempted to locate Kyles. In fact, the Sheriff's Office had not done anything to locate Kyles.
In its judgment entry overruling the motion for new trial, the court found it had been misinformed, but held it would have reached the same decision had the court been informed that defense counsel had spoken by phone with Mr. Kyles, and Mr. Kyles indicated he was out of state.
The trial court's judgment entry overruling the motion for new trial, found the court's mistaken belief the Sheriff had obeyed its order did not in fact jeopardize the defendant's right to a fair trial, because the Sheriff's Office would have been unable to locate the witness in any case.
Motions for new trial are addressed to the sound discretion of the trial court, and this court should not reverse unless it finds the trial court abused its discretion, see State v. Schiebel
(1990) 55 Ohio St.3d 71. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable, see Statev. Adams (1980), 62 Ohio St.2d 151 at 157. The State cites our recent case of State v. Cartwright (December 5, 1994), Stark App. # 94CA0105, unreported, as holding the right to compulsory process as guaranteed by the Sixth Amendment of the United States Constitution, Article I, Section 10 of the Ohio State Constitution, is not an unlimited right. In Cartwright, we citedLancaster v. Green (1963), 175 Ohio St. 203 as authority for the proposition an accused's right to compulsory process to secure the attendance of witnesses is necessarily dependent on the accused's ability to designate the witnesses and to indicate where such witnesses may be found. Lancaster held the right to compulsory process does not include the right to force the State to locate the witnesses, Lancaster, at 205, citations deleted.
We have reviewed the record, and we find the trial court did not err in finding its mistaken belief that the Sheriff had unsuccessfully attempted to locate Kyles did not prejudice appellant's rights.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.