OPINION
Defendant-appellant, Anthony S. Locker, appeals his bench trial conviction in the Butler County Area I Court for failing to obey a traffic control device in violation of R.C. 4511.12.
This appeal presents the prototypical "red light" case in which the motorist — having been charged based upon a police officer's observation of the violation — claims the light was yellow when he entered the intersection.
Appellant was traveling east on High Street in the city of Oxford and approaching the intersection of High and Talawanda Streets where traffic was regulated by a traffic control signal. The arresting officer, who, with his partner, was southbound on Talawanda and also approaching the intersection, testified that the light for traffic on Talawanda had been green for "about two seconds" when he saw appellant drive through the intersection. Appellant and his passenger both testified that the light was yellow as they entered the intersection and proceeded under the light. The trial court found appellant guilty as charged, levied no fine, and assessed court costs.
On appeal, appellant submits that his conviction was against the sufficiency and weight of the evidence. We note that appellant's brief does not include specific assignments of error as required by App.R. 16(A)(3) and Loc.R. 11(B)(3), although he does state that the officer and prosecutor "erred" in their statements to the court. Construing appellant's brief and the arguments raised therein, we will consider appellant to have raised one assignment of error, i.e., that his conviction was against the manifest weight and sufficiency of the evidence presented.
When reviewing the sufficiency of the evidence underlying a conviction, the function of an appellate court is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
Having examined the evidence in a light most favorable to the state, we conclude that a rational trier of fact could find that the elements of failing to obey a traffic control device were proved beyond a reasonable doubt. If believed, the arresting officer's testimony that appellant entered the intersection on a red light was sufficient to establish a violation of R.C. 4511.12.
In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
Furthermore, when this court engages in a manifest weight analysis, we must keep in mind that the trier of fact, in this case the trial court, was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. Gibbs (1999),134 Ohio App.3d 247, 256, appeal not allowed, 87 Ohio St.3d 1476.
Appellant argues that his conviction should be overturned since the state only presented the testimony of one witness and did not have the second officer testify whereas appellant "provided a witness that supported [his] testimony and contradicted [the arresting officer]." Weight of the evidence is not a question of mathematics. Thompkins at 387. The number of witnesses supporting the claim of one or the other parties is not to be taken as a basis for determination of a disputed issue. See State v. Linder (1959), 111 Ohio App. 146. The trial court is presented with the evidence and must determine which evidence to believe, giving whatever weight and credibility to the witnesses and evidence it deems appropriate. State v. Mayhew (1991), 71 Ohio App.3d 622, appeal not allowed (1994), 70 Ohio St.3d 1441. Accordingly, "the number of witnesses is immaterial." Id. at 632. Simply because appellant had twice as many witnesses, it does not necessarily follow that his evidence has more weight than that of the state.
Appellant also argues that the actions of the operator of a third vehicle and a transportation and traffic-engineering handbook referred to at trial demonstrate that the state's evidence cannot factually support the conviction. Our review of the trial transcript indicates no testimony regarding other vehicles in or near the intersection other than those operated by appellant and the arresting officer.[1] A reviewing court cannot add matter to the record before it which was not part of the trial court proceedings and then decide the appeal on the basis of the new matter. State v. Williams, 73 Ohio St.3d 153, 160, 1995-Ohio-275, certiorari denied (1996), 516 U.S. 1161, 116 S.Ct. 1047. In addition, the traffic-engineering treatise, although referred to by appellant during his trial testimony, was neither admitted into evidence nor offered as an exhibit.[2]
Finally, appellant claims the prosecutor made false statements during closing arguments. We note that there was never any objection to the prosecutor's closing arguments during trial. See State v. Landrum (1990),53 Ohio St.3d 107, certiorari denied (1991), 498 U.S. 1127,111 S.Ct. 1092. Moreover, closing arguments of counsel are not evidence. Statev. Frazier, 73 Ohio St.3d 323, 1995-Ohio-235, certiorari denied (1996),516 U.S. 1095, 116 S.Ct. 820. As this was a bench trial, the trial court is presumed to consider only relevant evidence and will exclude all irrelevant matters. State v. Benner (1988), 40 Ohio St.3d 301, 314, certiorari denied (1990), 494 U.S. 1090, 110 S.Ct. 1834.
Having examined the record, we cannot say that the trial court clearly lost its way and created such a miscarriage of justice that appellant's conviction should be overturned as against the manifest weight of the evidence.
For the foregoing reasons, appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] In his brief, appellant suggests that a third vehicle, also southbound on Talawanda Street and waiting at the light, turned left onto High Street behind him and was between his vehicle and that of the arresting officer when he was stopped. It is argued that if the officer was correct in his observations, this third vehicle would have turned left onto High Street in front of appellant, not behind him, during those "two seconds" in which traffic on Talawanda had a green light before appellant's vehicle entered the intersection.
[2] Appellant testified that the light for High Street traffic was yellow for only three seconds before cycling to red. According to appellant, his handbook specified that the light should have remained yellow for four seconds given the legal speed limit for High Street, and the light simply did not give vehicles legally in the intersection sufficient time to clear before turning red.
The handbook would not control the cycling of the light. In Ohio, the phasing and timing of traffic control lights shall be conducted in a manner consistent with traffic requirements based upon traffic flows and patterns. See Ohio Manual of Uniform Traffic Control Devices (1972) 6-22, Part 6B-20.