OPINION *Page 2 
{¶ 1} Appellant David Sherrard appeals his conviction and sentence entered in the Cambridge Municipal Court on counts of O.V.I. and Fleeing and Eluding a Police Officer.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On or about February 21, 2006, at approximately 7:55 p.m. Patrolman Tim Ferguson of the Cambridge Police Department was patrolling in the City of Cambridge, Guernsey County, Ohio, at the intersection of Dewey Avenue and Route 40. (Tr. P. 5-6). Patrolman Ferguson was stationery in his vehicle and observed a vehicle traveling northeast down Dewey Avenue from Finley Avenue traveling in the middle of the roadway. (Tr. 6 and 21). As the vehicle passed Patrolman Ferguson he was able to observe the Appellant, David Sherrard, operating the vehicle and a passenger in the vehicle. (Tr. P. 7).
 {¶ 4} Patrolman Ferguson observed Appellant go through a stop sign without stopping and turn without using a signal while accelerating the vehicle. This was observed from approximately four or five car lengths behind Appellant's vehicle. (T. at 22). At that point, Patrolman Ferguson activated his overhead lights. Patrolman Ferguson activated his siren and Appellant's vehicle accelerated while turning onto Franklin Street and then shot up an alley. (T. at 22). Patrolman Ferguson radioed for assistance due to the fact that the vehicle was running from him. (T. at 23).
 {¶ 5} During this process, Patrolman Ferguson indicated that he lost sight of the vehicle for approximately 20 to 30 seconds. (Tr. P. 10). *Page 3 
 {¶ 6} Appellant's vehicle stopped at a residence just shortly before Patrolman Ferguson arrived. In fact, the vehicle was stopped but was rolling backward toward the cruiser, requiring the passenger to put the vehicle into "park". (T. at 10). The Appellant was already out of the vehicle before arrival of the officer.
 {¶ 7} Appellant was located by officers inside a trailer which was the residence of William Fulton. (T. at 12).
 {¶ 8} Upon contact with Appellant, Patrolman Ferguson noticed slurred speech and that Appellant was unsteady on his feet. The officer further noted the Appellant had red and glassy eyes. In the officer's opinion, the Appellant was very intoxicated. (T. at 14). At the jail, Patrolman Ferguson asked Appellant to submit to field sobriety tests and a breath alcohol test. Appellant refused both. (T. at 15).
 {¶ 9} Appellant was charged with fleeing and eluding a police officer, a safety belt violation, no turn signal, a stop sign violation, having an open container in a moving vehicle, obstructing official business, and O.V.I., a second offense within six years.
 {¶ 10} A bench trial commenced in this matter on August 22, 2006. During said trial, Appellant called for a witness, William Fulton, but he did not appear for the trial. (T. at 41). Mr. Fulton had been served with a subpoena. Appellant's counsel requested a continuance of the trial and that an arrest warrant be issued for the witness' failure to appear. Id. The magistrate issued a capias for the witness but denied the motion to continue. Appellant's counsel then requested a brief recess which the Magistrate granted. Id. at 41-42.
 {¶ 11} At the close of evidence, the Magistrate entered a guilty verdict on the charges of O.V.I., Fleeing and Eluding, no turn signal and the stop sign violation. The *Page 4 
magistrate issued a judgment of acquittal on the charges of no seat belt, obstruction and open container.
 {¶ 12} By Judgment Entries journalized on August 23, 2006, the trial court found Appellant guilty and sentenced Appellant to 120 days in jail and a fine of $750, with 80 days suspended and probation of 24 months on the O.V.I. charge (Case No. 06TRC01807A and 10 days in jail on the charge of Fleeing and Eluding (Case No. 06TRC01807B, with said sentence to run consecutive to the sentence in the O.V.I. case, a fine of $20.00 on the stop sign violation and a $20.00 fine on the failure to use a turn signal violation.
 {¶ 13} It is from the convictions and sentences entered on the O.V.I. and Fleeing and Eluding charges Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 14} "I. THE TRIAL COURT ERRED BY FAILING TO CONTINUE THE BENCH TRIAL TO ALLOW APPELLANT TO SECURE THE APPEARANCE OF A WITNESS WHO FAILED TO APPEAR AT TRIAL.
 {¶ 15} "II. THE ERRED CONVICTION FOR O.V.I. AND FLEEING AND ELUDING WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I. {¶ 16} In his first assignment of error, appellant argues that the trial court erred not granting his motion for continuance of the bench trial. We disagree.
 {¶ 17} Appellant argues that such denial was a violation of his right to compulsory process guaranteed by Section 10, Article I of the Ohio Constitution. *Page 5 
 {¶ 18} The decision regarding a motion to continue is left to the "broad, sound discretion" of the trial court. State v. Unger (1981),67 Ohio St.2d 65, 67, 423 N.E.2d 1078; see, also, State v. Lorraine (1993),66 Ohio St.3d 414, 423, 613 N.E.2d 212. Consequently, absent an abuse of discretion, a reviewing court will not disturb the trial court's decision. The term "abuse of discretion" connotes more than an error of law or of judgment. Rather, the term implies that the court's attitude is unreasonable, arbitrary or unconscionable. See, e.g., State v.Montgomery (1991), 61 Ohio St.3d 410, 413, 575 N.E.2d 167. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. See, e.g., Savage v.Correlated Health Serv., Ltd. (1992), 64 Ohio St.3d 42, 55,591 N.E.2d 1216.
 {¶ 19} When considering a motion to continue, a court should evaluate the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel, and the trial court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the Appellant contributed to the circumstances giving rise to the request for a continuance; and (6) any other relevant factors. SeeUnger, supra.
 {¶ 20} In the case at bar, we find no abuse of the trial court's discretion. We disagree with appellant's argument that the trial court's decision to deny appellant's motion to continue violated appellant's Sixth Amendment right to compulsory attendance of witnesses.
 {¶ 21} In State v. Mayhew (1991), 71 Ohio App.3d 622, 626, the court discussed Appellant's right to compulsory attendance of witnesses as follows: *Page 6 
 {¶ 22} "The right to compulsory attendance of witnesses at trial is undeniable. The United States Supreme Court in Washington v. Texas
(1967), 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019, 1023, stated the following in holding that the Sixth Amendment right to compulsory attendance of witnesses was applicable to the states as incorporated in the Due Process Clause of the Fourteenth Amendment.
 {¶ 23} `The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the Appellant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This is a fundamental element of due process law.' Accordingly, the state must aid Appellant in compelling attendance and, further, must do nothing which impedes Appellant's right to compel the attendance of a material witness. * * *." Id.
 {¶ 24} In the case sub judice, the State did not impede Appellant's right to compel the attendance of a material witness. Rather, the witness who failed to appear had been properly subpoenaed by Appellant but failed to appear for trial.
 {¶ 25} Appellant testified on his own behalf and also called Clifford Moore as a witness. Mr. Moore testified that on the night in question, he and William Fulton pulled up outside of Fulton's house, sat in Fulton's truck and observed the police cruiser which had its lights on. (T. at 34). He then testified that when he went into the house he observed Appellant drinking beer in the kitchen. (T. at 37). He further testified that *Page 7 
when the police knocked on the door they announced that they had a warrant for Appellant's arrest. (T. at 31-33).
 {¶ 26} Appellant did not proffer what Mr. Fulton's testimony would have been, however, based on the testimony of Mr. Moore and Appellant, it appears that it is likely that Mr. Fulton's testimony, had it been introduced at trial, would merely have been cumulative. Thus, we do not believe that Mr. Fulton's testimony, had the trial court granted Appellant a continuance to procure his testimony, would have affected the outcome of the proceedings.
 {¶ 27} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II. {¶ 28} In his second assignment of error, appellant argues that his convictions are against the manifest weight of the evidence. We disagree.
 {¶ 29} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172,175.
 {¶ 30} In the case sub judice, Appellant was convicted of O.V.I. and Fleeing and Eluding a Police Officer. *Page 8 
 {¶ 31} Appellant argues that the O.V.I. charges are against the manifest weight of the evidence because the arresting officer did not have him perform field sobriety tests and also because when the police came to arrest him, he was inside a private residence consuming beer.
 {¶ 32} As the fleeing and eluding charge, Appellant argues that no evidence was presented that Appellant ever saw the police officer activate the lights on his cruiser signaling for him to stop.
 {¶ 33} At the bench trial in this matter, in addition to the testimony of Appellant and Clifford Moore, the trial court heard testimony from the arresting officer, who testified that he observed Appellant's vehicle traveling down the middle of the roadway, that he was able to observe Appellant as the driver of the automobile when it passed him, that he followed the vehicle and observed Appellant fail to stop at a stop sign and turn without signaling, and further observed Appellant accelerating through several streets and alleys when the officer was pursuing him with lights and siren activated. Patrolman Ferguson further testified that although he did lose sight of Appellant's vehicle for approximately 20 to 30 seconds, he quickly found the vehicle, which had been stopped at a residence but which was rolling back toward the cruiser until the passenger, who was still in the vehicle, put the vehicle in park. Upon locating Appellant at a nearby residence, the officer stated he observed that Appellant had slurred speech, glassy eyes and was unsteady on his feet. It was his opinion that Appellant was intoxicated. He further stated that after transporting Appellant to the Guernsey County Jail, he requested that Appellant perform field sobriety tests and a breath alcohol test but Appellant refused both. *Page 9 
 {¶ 34} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 35} Based on the foregoing, we find that the convictions in this case were not against the manifest weight of the evidence.
 {¶ 36} Appellant's second assignment of error is overruled
 {¶ 37} The judgment of the Cambridge Municipal Court, Guernsey County, Ohio, is affirmed.
 Wise, J. Gwin, P. J., and Hoffman, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Cambridge Municipal Court, Guernsey County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1